UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THUONG HONG HUA

CIVIL ACTION

VERSUS

NO. 12-172-JJB

ERIC HOLDER, ATTORNEY GENERAL
OF THE UNITED STATES, ET. AL.

### RULING ON DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOOT OR, IN THE ALTERNATIVE, REMAND TO THE AGENCY FOR ADJUDICATION OF PLAINTIFF'S APPLICATION FOR NATURALIZATION

This matter is before the Court on Defendants' Motion to Dismiss Complaint as Moot, or in the Alternative, Remand to the Agency for Adjudication of Plaintiff's Application for Naturalization. (Doc. 14). Plaintiff has filed an opposition (Doc. 17), to which Defendants have filed a reply. (Doc. 21). Oral argument is not necessary. The Court's jurisdiction exists pursuant to 8 U.S.C. § 1447(b), 28 U.S.C. § 1361, 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 5 U.S.C. § 701. For the reasons herein, the Court DENIES Defendant's motion to dismiss complaint as moot. The Court further DENIES Defendant's motion in the alternative to remand to the agency for adjudication. This matter will be set for a hearing on the merits.

I.

Plaintiff Thuong Hong Hua ("Hua") is a lawful permanent resident of the United States who wishes to be naturalized by this Court pursuant to Section

1

336(b) of the Immigration and Nationality Act. 8 U.S.C. § 1447(b). Hua filed his application for naturalization to the United States Citizenship and Immigration Services ("USCIS") on or about June 29, 2010. On December 21, 2010, USCIS conducted Hua's naturalization interview. On March 25, 2012, Hua filed a petition for naturalization pursuant to 8 U.S.C. § 1447(b). On May 23, 2012, USCIS denied Hua's application because Hua pled guilty to an aggravated felony in Pima County, Arizona for Theft by Control and/or by Controlling Stolen Property. According to USCIS, Hua was sentenced to at least 1 year imprisonment, but the sentence was suspended and Hua was placed on probation. A conviction of an aggravated felony renders an applicant permanently ineligible for naturalization. Hua alleges that he was not convicted of an aggravated felony. (Doc. 17-1). In support of this claim, Hua attached a letter from the Pima County Superior Court stating that Criminal Case No. CR98-806239 was dismissed in 1999. (Doc. 17-3). However, the Defendants, in their reply brief, attached the records that USCIS received showing that Hua was convicted of a felony in Cause No. CR65337 in Pima County, Arizona for Theft by Control and/or By Controlling Stolen Property (Doc. 21-1).

II.

In Defendants' motion to dismiss, Defendants argue that this Court should dismiss for lack of subject matter jurisdiction. (Doc. 14-1). Defendants point to 8 U.S.C. § 1447(b), which provides

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). The Defendants argue that the agency and the district court retain concurrent jurisdiction, and Hua's petition is moot because the agency has rendered a decision. (Doc. 14-1). However, if the district court has exclusive jurisdiction, then the agency did not have authority to render a decision. The Defendants acknowledge that there is a split in authority concerning the district court's jurisdiction under Section 1447(b). Defendants cite three appellate court decisions that have found that 8 U.S.C. § 1447(b) confers exclusive jurisdiction on the district court and five district court decisions[1] that have found that 8 U.S.C. § 1447(b) confers concurrent jurisdiction. However, as the Plaintiff points out in

---

[1] Although Defendants cited seven cases, one case found that jurisdiction was exclusive. *See Martinez v. Secretary, Dep't. of Homeland Sec.*, 2009 WL 3806153, *2 (M.D. Fla. 2009) (finding that "once a district court acquires jurisdiction, that jurisdiction is exclusive."). Another case dismissed the complaint as moot because upon reconsideration, the plaintiff was granted naturalization. *See Kochary v. Dep't. of Homeland Sec.*, 2009 WL 211045 (M.D. Tenn. 2009). Therefore, the Court will not consider these two cases.

his opposition, these cases[2] relied on the reasoning in other district court cases that were subsequently overturned by the appellate courts. (Doc. 17-1 at 5).

---

[2] Defendants cite *Hamden v. Chertoff*, 2009 WL 3150416 (E.D. Okla. 2009), *Ali v. Henning*, 2009 WL 1507685 (D. Minn. 2009), *Xie v. Mukasey*, 575 F.Supp. 2d 963 (E.D. Wis. 2008), *Al-Saleh v. Gonzalez*, 2007 WL 990145 (D. Utah 2007), and *Perry v. Gonzalez*, 472 F.Supp.2d 623 (D.N.J. 2007) to support their position that Section 1447(b) confers concurrent jurisdiction. However, these cases rely on district court cases that have been overturned or on dissenting opinions.

As a threshold matter, although the Defendants cite *Hamden*, the Defendants' citation is incorrect. The matter is actually *Hamdan v. Chertoff* is 626 F.Supp.2d 1119 (D.N.M. 2007). In *Hamdan*, the court agreed with the dissenting opinion in *Etape,* but concluded that it was "reluctant to read into the statute language that divests the federal court of jurisdiction it certainly had" and that the "statute indicates that the Court can decide the matter or remand to USCIS with instructions." *Hamdan v. Chertoff*, 626 F.Supp.2d 1119, 1138 (D.N.M. 2007). However, if the Defendants meant to cite *Kremmer v. Gonzalez*, 2009 WL 3150416 (E.D. Okla. 2009), that court found that Section 1447(b) does not confer exclusive jurisdiction on the district courts. However, that court noted that there was a split in authority, citing the *Hovsepian* and *Etape* decisions and also citing district court cases that were subsequently overturned by appellate decisions.

In *Ali v. Henning*, the court relied on the district court decision in *Bustamante*, which was overturned by the Second Circuit. *Ali v. Henning*, 2009 WL 1507685 *1 (D. Minn. 2009). Similarly, in *Xie v. Mukasey*, the court relied on the reasoning of the *Bustamante* district court case and *Perry v. Gonzalez* to find that there is concurrent jurisdiction. *Xie v. Mukasey*, 575 F.Supp.2d 963, 964 (E.D. Wis. 2008). *Perry v. Gonzalez* relied on the district court decision in *Etape*, which was overturned by the Fourth Circuit. *Perry v. Gonzalez*, 472 F.Supp. 2d 623 (D.N.J. 2007). Finally, in *Al-Saleh*, the court cited *Perry* in support of its conclusion that the USCIS retained jurisdiction. *Al-Saleh v.* Gonzalez, 2007 WL 990145 *2 (D. Utah 2007).

In *Bustamante v. Napolitano*, the United States Court of Appeals for the Second Circuit found that 8 U.S.C. § 1447(b) confers exclusive jurisdiction on the district courts "determine a naturalization application when, after USCIS has failed to adjudicate the application within 120 days of the initial examination, the applicant files a Section 1447(b) action." *Bustamante v. Napolitano*, 582 F.3d 403, 404 (2nd Cir. 2009). The Second Circuit explained that the district court's jurisdiction "vests with a naturalization applicant's petition for a hearing in the absence of a timely decision by USCIS." *Id.* at 406. However, if the applicant does not file a Section 1447(b) petition after the 120 day period has elapsed, USCIS retains jurisdiction until the applicant files the petition, if at all. *Id.*

In *Etape v. Chertoff*, the United States Court of Appeals for the Fourth Circuit also found that a Section 1447(b) petition "vests the district court with exclusive jurisdiction, unless and until the court 'remand[s] the matter' to the [USCIS]." *Etape v. Chertoff*, 497 F.2d 379, 383 (4th Cir. 2007). Similarly, the United States Court of Appeals for the Ninth Circuit found that a Section 1447(b) petition vests exclusive jurisdiction in the district courts. *U.S. v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004).

Although the United States Court of Appeals for the Fifth Circuit has not rule directly on this matter, the Fifth Circuit has cited the reasoning of *Etape* and *Hovsepian* favorably in reaching a decision on a related matter. *Walji v. Gonzalez*, 500 F.3d 432, 438 (5th Cir. 2007). In *Walji*, the Fifth Circuit stated that

two circuit courts "considering a related question – whether an applicant's suit under § 1447(b) deprives [USCIS] of jurisdiction over the application – concluded without analysis that where the INS had not acted within 120 days of the applicants' initial *interviews*, upon the applicants' filing suit the district court took exclusive jurisdiction over their naturalization applications." *Id.*

### III.

Therefore, the Court finds that once an applicant files a Section 1447(b) petition after the 120 day period elapses, the district courts have jurisdiction to either determine the matter or remand the matter to the USCIS[3]. Accordingly, the

---

[3] The Court does not find the Defendants' arguments concerning the plain language of the statute, the legislative history and congressional policy to be persuasive. Defendants argue that the plain language of the statute does not deprive USCIS of jurisdiction and the Court should not write in "exclusive" into the text. Defendants also argue that the legislative history shows that Congress removed the word "exclusive" from this section, which Defendants argue reflects Congressional intent that USCIS retain jurisdiction. Finally, Defendants argue that concurrent jurisdiction expedites review of naturalization petitions, and to find otherwise would defeat congressional policy.

The Court has considered these arguments and has determined that they lack merit because they either rely on effectively overruled cases or do not consider alternative explanations. For instance, while Congress did delete the word "exclusive" from the original statute, the *Bustamante* court addressed this issue, finding that the "earlier version suggests that the district court would only have one option – to decide the naturalization application." *Bustamante*, 582 F.3d at 407 n.4. By removing "exclusive," this "gives USCIS additional time to consider the application, and the possibility that the application will be remanded for USCIS . . . to render a decision." *Id.*

Defendants' Motion to Dismiss Complaint as Moot, or in the Alternative, Remand to the Agency for Adjudication of Plaintiff's Application for Naturalization is DENIED. (Doc. 14). This matter will be set for a hearing on the merits.

Signed in Baton Rouge, Louisiana on October 30th, 2012.


_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**